IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ARTURO S. LOPEZ, SR., )<br>)<br>Plaintiff, )<br>)<br>V. )<br>)<br>FRANK KENDALL, III, Secretary of the )<br>Air Force; and MARY D. GARCIA, )<br>Human Resource Specialist, Employee )<br>Relations, Laughlin Air Force Base, )<br>)<br>Defendants. ) | CIVIL ACTION NO. SA-21-CA-00646-FB |

## ORDER ACCEPTING REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Before the Court are the Report and Recommendation of United States Magistrate Judge (docket no. 71) recommending that Defendants' Motion for Summary Judgment (docket no. 62) be granted and Plaintiff's Motion to Enter Injunctive Relief (docket no. 62) be denied, along with Plaintiff's written objections (docket nos. 74 & 75) thereto, Defendants' response (docket no. 76) to Plaintiff's written objections, and Plaintiff's reply (docket no. 79) to Defendants' response.

Where no party has objected to a Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review of the Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made.").  In such cases, the Court need only review the Report and Recommendation and determine whether it is clearly erroneous or contrary to law.  *United States v. Wilson,* 864 F.2d 1219, 1221 (5th Cir.), *cert. denied,* 492 U.S. 918 (1989).

On the other hand, any Report and Recommendation to which objection is made requires de novo review by the Court.  Such a review means that the Court will examine the entire record, and will make an independent assessment of the law.  The Court need not, however, conduct a de novo review

when the objections are frivolous, conclusive, or general in nature. *Battle v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

The Court has thoroughly analyzed the parties' submissions in light of the entire record. As required by Title 28 U.S.C. § 636(b)(1)(c), the Court has conducted an independent review of the entire record in this cause and has conducted a de novo review with respect to those matters raised by the objections. After due consideration, the Court concludes the objections lack merit.

This Court agrees with the Magistrate Judge that Plaintiff failed to his exhaust administrative remedies, and he has neither shown himself to be entitled to equitable tolling of the administrative deadlines nor that said deadlines were waived. Defendant's Motion for Summary Judgment (docket no. 62) shall be granted.

This Court further agrees with the Magistrate Judge that: (1) aside from the way Plaintiff styled his motion, it is unclear whether he actually seeks any injunctive relief; (2) presuming Plaintiff is actually seeking injunctive relief under 42 U.S.C. § 1983, that section applies only to state actors, not federal actors like the Defendants in this case; (3) construing Plaintiff's motion as asserting a claim under *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), rather than under § 1983, the claim would still fail because a *Bivens* cause of action is currently recognized in only three limited circumstances not applicable here; and (4) while courts may create additional causes of action in new *Bivens* contexts and although Plaintiff states that Defendants violated several provisions of the Code of Federal Regulations, he did not identify a particular regulation that they allegedly violated.

In his objections, Plaintiff identifies 29 C.F.R. §§ 1614.105 and 1614.106 as the provisions of the Code of Federal Regulations which Defendants allegedly violated. (Docket no. 74 at 5); (Docket no. 75 at 3, 6). As Defendant points out (docket no. 76 at page 3), even presuming these violations

occurred, such regulatory violations would not support creation of a new *Bivens* cause of action because "a *Bivens* remedy exists, if at all, to 'remedy . . . *constitutional* violations.'" *SAI v. Department of Homeland Sec.,* 149 F. Supp. 3d 99, 125 (D.D.C. 2015) (emphasis added) (quoting *Wilson v. Libby*, 535 F.3d 697, 704 (D.C.Cir.2008)). Plaintiff's Motion to Enter Injunctive Relief (docket no. 55) shall be denied.

IT IS THEREFORE ORDERED that the Report and Recommendation of the United States Magistrate Judge (docket no. 71) is ACCEPTED pursuant to 28 U.S.C. § 636(b)(1) such that Defendants' Motion for Summary Judgment (docket no. 62) is GRANTED and Plaintiff's Motion to Enter Injunctive Relief (docket no. 55) is DENIED.

IT IS FURTHER ORDERED that remaining motions pending with the Court, if any, are Dismissed as Moot and this case is CLOSED.

It is so ORDERED.

SIGNED this 7th day of November, 2023.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE